

**FILED**

JUN 11 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

In re                       )    Case No. 09-90222-E-7
                              )    Docket Control No. CA-1
RAUL LUNA,            )
                              )
             Debtor(s).     )
_____ )

**(NOT FOR PUBLICATION)**

**MEMORANDUM OPINION AND DECISION**

     This Memorandum Opinion and Decision constitutes the findings of fact and conclusions of law in support of the order granting the Motion to Allow Late Filed Claim by Commercial Architecture, Inc.

     Creditor Commercial Architecture, Inc., has filed a motion for leave to file a late claim in this Chapter 7 case. The claim, in the amount of $5,612.19, has been extensively argued by both sides. It appears that the dispute was not resolved by the Debtor and this creditor, as may normally be expected, due to other issues in the case which are not the fault of either party or their counsel. The court finds that the Debtor has prosecuted this objection in good faith and advanced such arguments and evidence as necessary and appropriate.

     Commercial Architecture, Inc. asserts a claim in this case, which was filed on October 30, 2008, as a Chapter 11 case. Notice

1   of the Chapter 11 filing was sent by the court on February 19,

2   2009. The proof of service reflects that Commercial Architecture,

3   Inc., located at 1300 10th Street, Ste. B, Modesto, California, was

4   sent the notice. The Notice First Meeting notified creditors that

5   June 8, 2009, was the deadline for filing proofs of claim.

6       The court issued an order for the appointment of a Chapter 11

7   trustee pursuant to an order entered on March 19, 2009. When the

8   United States Trustee could not locate anyone willing to serve as

9   the Chapter 11 trustee, by order entered on the docket April 30,

10  2009, the court converted the case to one under Chapter 7. The

11  Notice of Conversion to Chapter 7 was sent to creditors on May 1,

12  2009. Commercial Architecture, Inc., located at 1300 10th Street,

13  Ste B, Modesto, California, was sent the Notice of Conversion. The

14  Notice of Conversion stated that it was unnecessary to file claims

15  because it did not appear from the schedules that there would be

16  assets available for distribution to creditors.

17      The Chapter 7 Trustee subsequently located assets and a Notice

18  to File Claims was sent to creditors on June 22, 2009. The Notice

19  stated that proofs of claim must be received by the bankruptcy

20  court by September 22, 2009. The Notice to file claims was sent to

21  Commercial Architecture, Inc., located at 1300 10th Street, Ste B,

22  Modesto, California.

23      Commercial Architecture, Inc. did not file a proof of claim

24  during the Chapter 11 case, and did not file one within the time

25  period specified for the Chapter 7 case. A proof of claim was

26  filed by Commercial Architecture, Inc. was filed on March 8, 2010,

27  Claim No. 26.

28  ///

2

1 | **Motion by Creditor.**

2 |     Commercial Architecture, Inc. asserts that it did receive

3 | notice of the Chapter 11 and Chapter 7 conversion, and pursuant to

4 | the Chapter 7 notice it did not file a proof of claim.  In March

5 | 2009, Commercial Architecture, Inc. moved from the 1300 10th Street

6 | address and placed a mail forward request with the United States

7 | Postal Service.  Commercial Architecture, Inc. does not assert that

8 | it filed a notice of change of address with the Bankruptcy Court.

9 |     Commercial Architecture, Inc. requests that the court take

10 | judicial notice that the June 22, 2009 Notice of Conversion was

11 | sent to its prior address within the six-month period that the

12 | United States Postal Service will forward mail.  It further alleges

13 | that it did not receive the notice, notwithstanding the fact that

14 | it had placed a mail forwarding request with the Postal Service.

15 |     Subsequently, on or about March 2010, Commercial Architecture,

16 | Inc. learned that there was to be a distribution in the Luna

17 | bankruptcy case, and immediately filed its proof of claim on

18 | March 8, 2010.

19 |     Commercial Architecture, Inc. advances several arguments in

20 | support of being granted leave to file a late claim.  First, it

21 | asserts that its Due Process rights will be violated if it is not

22 | allowed to file a late claim.  In support of this contention

23 | Commercial Architecture, Inc. cites the decision in City of New

24 | York v. New York, New Haven & Hartford Railroad Company, 344 US 293

25 | (1953).  However, in that case the creditor, the City of New York

26 | was not sent notice personally, but it was asserted in that case

27 | that notice by mere publication of a known creditor was sufficient.

28 | The Supreme Court rejected that contention, and required that the

3

1  notice be sent to known creditors.

2      Commercial Architecture, Inc. extrapolates from the City of

3  New York case that there was no burden on it to investigate whether

4  there was going to be a subsequent distribution in the case, but

5  could rely upon notice of a claims bar date being sent to it.

6  However, this argument misses the point with respect to the facts

7  in this case.  No party is asserting that notice by publication or

8  that Commercial Architecture, Inc. had a duty to try and ferret out

9  what bankruptcy cases existed in which it should assert a claim.

10     In this case, the Notice to File Claims was sent to Commercial

11 Architecture, Inc.  at the  address in  which it did business at

12 the  time  of  the  bankruptcy  filing.   Subsequently,  Commercial

13 Architecture,  Inc.  chose  to  move.   The  notice  was  sent  to

14 Commercial Architecture, Inc. at the address known to the court.

15 To  the  extent  that  the  argument  is  advanced  that  Commercial

16 Architecture, Inc. should have done something, it is whether this

17 creditor should have filed a change of address with the Bankruptcy

18 Court, since the creditor chose to change its address midstream

19 during the case.

20     In opposing the Motion, the Debtor cites the court to Official

21 Bankruptcy Form 10 and the Instructions for Filing Proof of Claim.

22 On the reverse of the claim form, under the section for Creditor's

23 Name and Address, the creditor is advised, "The creditor has a

24 continuing obligation to keep the court informed of its current

25 address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)."

26 This is the form which Commercial Architecture, Inc. received with

27 the Notice of Commencement of Chapter 11 case.  However, given how

28 quickly the Chapter 11 case failed, with the conversion of the case

4

1   to Chapter 7 on April 30, 2009,   approximately five (5) months

2   before the Chapter 11 claims deadline, a fair inference to draw is

3   that a creditor may never have read the Chapter 11 proof of claim

4   form.

5         The Debtor next argues that Rule 3002, Federal Rules of

6   Bankruptcy Procedure, governs the timely filing for proofs of

7   claim.   However, Rule 3002 is predicated on the creditor being

8   provided notice of the deadline for filing proofs of claim.

9   11 U.S.C. §726 provides for distribution of the property of a

10  Chapter 7 estate.   It proves that a claim filed after the claims

11  bar date will be paid after timely filed claims. §726(a)(3).

12  However, if leave is granted to file a claim after the bar date,

13  which late claim is deemed to be timely, then it would be paid with

14  the other timely claims under §726(b).

15        The creditor further argues that based on the provision of

16  Rule 3002(c)(5), Federal Rules of Bankruptcy Procedure, that if a

17  notice of insufficient assets is sent by the trustee and the

18  trustee later notifies the court that assets do exist for a

19  distribution then the court will provide creditors with at least

20  ninety days notice to file a proof of claim, that it is implicit in

21  the Rule that the creditor actually receive the notice.   Creditor

22  then continues to reargue that its Due Process rights were violated

23  because it did not receive the notice.

24        If the court were to just consider the Due Process arguments

25  advanced by this creditor, the motion would be denied.   There is no

26  dispute that the notice was sent to the creditor at its address

27  that existed at the time the case was filed.   The creditor was

28  aware that this address was of record with the court, having

received the Notice of Commencement of the Chapter 11 case and the Trustee's original No Asset Report. This creditor then chose to move, electing to not notify the court, file a change of address notice with the court, or take any steps other than put a change of address request in with the United States Postal Service. While one may accurately assume that the United States Postal Service strives to forward all such mail, this is the method that Commercial Architecture chose for receiving notice in this judicial proceeding. That method was not forced upon it by any other person. The normal presumption is that the United States Postal Service delivers mail properly addressed, and that it forwards mail as requested, thereby leaving the court with the inference that Commercial Architecture did receive the notice, but either disregarded it or lost it. Such is not a violation of any Due Process rights of Commercial Architecture.

While not rising to a Constitutional dimension, the court does consider, based on the facts, whether notice was provided, whether notice was received, and if an act was not taken within the prescribed time period, whether grounds exist for providing relief from such failure to timely act. 11 U.S.C. §726(a)(2)(C) expressly governs this situation,

§ 726. Distribution of property of the estate

(a) Except as provided in section 510 of this title, property of the estate shall be distributed- ...

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is--

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

6

1           (C) tardily filed under section 501(a) of this
title, if--

2

3           (i) the creditor that holds such claim did not
have notice or actual knowledge of the case in time for timely
filing of a proof of such claim under section 501(a) of this title;
and

4

5           (ii) proof of such claim is filed in time to
permit payment of such claim;

6

7       The issue presented to the court is whether Commercial

8   Architecture, Inc. had notice or actual knowledge of the case in

9   time for timely filing of a proof of claim.  Based upon the court

10  record and information provided by Commercial Architecture, Inc.,

11  the notice was given, it was mailed to the address of record with

12  the court, and Commercial Architecture, Inc. had in place a mail

13  forwarding with the United States Postal Service.

14      It is further asserted in the motion originally filed by Ted

15  Brandvold, president of Commercial Architecture, Inc., (which he

16  filed before Commercial Architecture, Inc. was represented by

17  counsel with respect to the Motion) that Commercial Architecture,

18  Inc. did not receive the Notice to File Claims.  While not set

19  forth in the form of a declaration, the court accepts the statement

20  as made by Mr. Brandvold, which is subject to the provisions of

21  Rule 11, Federal Rules of Bankruptcy Procedure, as accurate.

22  Whether it was not "received" because of the United State Postal

23  Service, the mail forwarding expiring, or the mail was lost as part

24  of the move, failure to actually receive a notice is grounds for

25  allowing the late filing of a claim.

26      From the Motion and pleadings filed with respect to the

27  Motion, the court concludes that cause exists to allow the late

28  filing of Claim No. 26, in the amount of $5,612.19, by Commercial

7

Architecture, Inc., and that such claim shall be treated as a timely filed claim for all purposes in this case.

Dated: June 11, 2010

RONALD H. SARGIS, Judge
United States Bankruptcy Court